IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER JAY SCAPEROTTA, #A6083262,<br><br>Plaintiff,<br><br>v.<br><br>KAUAI COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>Defendants. | Civ. No. 20-00550 JMS-RT<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

## ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the court is Plaintiff Christopher Jay Scaperotta's ("Scaperotta") Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Scaperotta brings this action against Defendants the Kauai Community Correctional Center ("KCCC"), and ACO Colobong and Warden Neal Wagatsuma in their official capacities, claiming that they violated the Eighth and First Amendments.  *Id.* at PageID ## 1–9.  For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a), with partial leave granted to amend.

## I. **STATUTORY SCREENING**

The court is required to screen all prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (per curiam). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint: Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see* Fed. R. Civ. P. 8(a)(2) and (d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. SCAPEROTTA'S CLAIMS[1]

According to Scaperotta, he has been incarcerated at the KCCC approximately six times during the last six years. ECF No. 1 at PageID # 9.

---

[1] Scaperotta's factual allegations are accepted as true. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Scaperotta alleges in Count I that in February of an unspecified year, he slipped and fell in his cell because his sink leaked. *Id.* at PageID # 5. He "cracked" his jaw and "wrenched" his back. *Id.* Scaperotta claims in Count III that, after he had X-rays taken, he received no further medical treatment. *Id.* at PageID # 7. Scaperotta also claims that unidentified prison officials denied him various prescribed medications, including clonazepam for anxiety, Percocet for pain, Flonase for postnasal drip, and Nexium for an unidentified medical condition. *Id.*

Scaperotta alleges in Count II that on October 14 of an unspecified year, ACO Colobong entered his cell, smashed his "property box," instructed him to put down his toothbrush and take off his glasses, and told him to sit on the floor. *Id.* at PageID # 6. After Scaperotta complied, Colobong allegedly struck him in the jaw "at least 3 times."[2]  *Id.*

Scaperotta alleges in Count IV that he is a "Messianic Jew" with dietary restrictions. *Id.* at PageID # 9. Scaperotta claims that he requested a copy of the Torah, kosher foods, and a rabbi visit "to no avail." *Id.*

---

[2] Scaperotta further alleges that: (1) on October 16, six adult corrections officers held him down and injected him with Haldol; (2) on October 10, ACO Kimo (who is not named as a defendant) charged into his cell and screamed in his face; and (3) on October 8, ACO Torres (who is not named as a defendant) charged and yelled at him. ECF No. 1 at PageID # 6.

4

Scaperotta seeks $100 million in "compensatory damages and restitution," an out-of-court settlement, and injunctive relief consisting of training for officers, anger management, and a letter of apology. *Id.* at PageID # 10.

### III. DISCUSSION

**A.   Legal Framework for Claims Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**B.      Eleventh Amendment Immunity**

Scaperotta names as Defendants the KCCC, and ACO Colobong and Warden Wagatsuma in their official capacities. ECF No. 1 at PageID ## 1–2.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Scaperotta's claims for money damages against the KCCC, and ACO Colobong and Warden Wagatsuma in their official capacities are DISMISSED with prejudice. *See Rowan v. Dep't of Pub. Safety O.C.C.C.*, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment."); *Penque v. Dep't of Pub. Safety*, 2020 WL 5984055, at *3 (D. Haw. Oct. 8, 2020) (concluding that claims for monetary damages against warden in his

official capacity were barred by the Eleventh Amendment). Scaperotta may amend his pleading, however, to name a proper defendant or defendants.[3] To the extent Scaperotta seeks damages, he must name in his or her individual capacity a defendant or defendants who allegedly deprived him of rights secured by the Constitution or federal statutes. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities").

### C.     Improper Joinder

A party asserting a claim may join, as independent or alternative claims, as many claims as it has against an opposing party. Fed. R. Civ. P. 18(a). "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010). Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed.

---

[3] Although "courts have recognized an exception to the Eleventh Amendment bar for suits for prospective declaratory and injunctive relief against state officers, sued in their official capacities, to enjoin an alleged ongoing violation of federal law," *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000), Scaperotta does not allege that he is seeking to enjoin an ongoing violation of federal law.

R. Civ. P. 20(a)(2)(A)–(B); *Stribling v. Tobias*, 690 F. App'x 972, 973 (9th Cir. 2017).  Unrelated claims involving different defendants belong in different suits.  *See What v. Honolulu Police Dep't*, 2014 WL 17610, at *4–5 (D. Haw. Jan. 13, 2014).

Scaperotta's allegations in Counts I and Count III arise out of the same transaction or occurrence—that is, his alleged fall and the medical care he received because of that fall.  *See* ECF No. 1 at PageID ## 5, 7.  Scaperotta alleges in Count II that ACO Colobong struck him in the face.  *See id.* at PageID # 6.  Scaperotta fails to show what connection, if any, the allegations in Count II have to the allegations in Counts I and III.  Nor has Scaperotta shown how his allegations in Count IV, relating to his ability to practice his religious beliefs, are connected to his allegations in Counts I and III.  *See id.* at PageID ## 8–9.  If Scaperotta chooses to file an amended pleading, he must decide whether to pursue his claims in Counts I and III, or his claim in Count II, or his claim in Count IV.  He may not pursue a combination of these three sets of unrelated claims in a single suit.  *See Char v. Kaiser Hosp.*, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions.").  Scaperotta may, however, raise any unrelated claims in a separate action or actions.  *See D'Agirbaud v. Kam*, 2020 WL 3258408, at *5 (D. Haw. June 16, 2020) (explaining that dismissing complaint for misjoinder allowed plaintiff "to decide which *related*

8

claims he will pursue in *this* action, and which claims he will bring in a new action"). Depending on which claims, if any, Scaperotta decides to pursue in this action, he must consider the following legal standards.

**D.  Conditions of Confinement**

Scaperotta claims that the conditions of confinement at the KCCC violated the Eighth Amendment.[4]  ECF No. 1 at PageID # 5.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted).  In its prohibition on "cruel and unusual punishments," the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]" *Id.*

---

[4]  Scaperotta does not say exactly when the alleged incidents occurred. *See* ECF No. 1 at PageID # 5.  If they occurred after Scaperotta was convicted, his claims are properly raised under the Eighth Amendment.  If the events occurred before Scaperotta was convicted, however, they must be raised, if at all, under the Fourteenth Amendment. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc).  Under the Fourteenth Amendment, the inquiry focuses on whether the conditions of confinement amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539.

(internal quotation marks and citations omitted); *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious"—that is, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities[.]'" *Farmer*, 511 U.S. at 834; *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Second, the prison official must have a sufficiently culpable state of mind. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Farmer*, 511 U.S. at 834 (citations omitted). Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Scaperotta fails to allege a "sufficiently serious" violation. Although Scaperotta claims that the sink in his cell leaked, and this caused him to slip and fall, he has not plausibly alleged a denial of the minimal civilized measure of life's necessities. *See Collier v. Garcia*, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) ("Claims regarding slippery floors, without more, do not state even an

10

arguable claim for cruel and unusual punishment." (internal quotation marks and citation omitted)). Nor does Scaperotta allege that any prison official knowingly disregarded an excessive risk to his health and safety. Scaperotta does not claim that he or his cellmates had previously slipped and fallen, or that any of them had been injured because of the sink's leak. He fails, therefore, to state a plausible claim for relief under the Eighth Amendment.

### E.     Denial of Adequate Medical Care

Scaperotta alleges that prison officials denied him medical care after he slipped and fell in his cell. *See* ECF No. 1 at PageID ## 5, 7.

"To establish a claim of inadequate medical care, a prisoner must first show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (per curiam) (internal quotation marks omitted). "If . . . a prisoner establishes a sufficiently serious medical need, that prisoner must then show the [official's] response to the need was deliberately indifferent." *Id.* at 786 (internal quotation marks omitted and brackets in original). "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment." *Id.* "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the

circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* (internal quotation marks omitted and brackets in original).

Scaperotta fails to identify the prison official who allegedly denied him medical care. He also has not shown that he had a "serious medical need." Although Scaperotta claims that he "cracked" his jaw on the sink and "wrenched" his back, he does not describe the extent of his injuries. *See Gonzalez v. DeGuzman*, 2018 WL 1757607, at *5 (S.D. Cal. Apr. 12, 2018) (concluding that "cuts/lacerations approximately ½ cm in length" did not rise to the level of a "serious medical need"). Moreover, Scaperotta does not identify any prison official who was deliberately indifferent to his serious medical need. Indeed, Scaperotta acknowledges that prison officials took him to have X-rays taken of his jaw. ECF No. 1 at PageID # 5. Scaperotta fails to state a claim based on the medical care he received.

### F. Excessive Force

Scaperotta claims in Count II that ACO Colobong used excessive force. ECF No. 1 at PageID # 6.

"[T]he core judicial inquiry in excessive force cases is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir.

2018) (internal quotation marks omitted).  "[A]n officer who harms an inmate as part of a good-faith effort to maintain security has acted constitutionally, but an officer who harms an inmate for the very purpose of causing harm has engaged in excessive force, provided that the other elements of excessive force have been met." *Id.* (internal quotation marks omitted).  The other two elements of an Eighth Amendment excessive force claim are the defendant used excessive and unnecessary force under all of the circumstances; and the defendant's acts caused the plaintiff harm.  *Id.* at 788 n.9; *see also Reid v. United States*, 825 F. App'x 442, 45 (9th Cir. 2020).

        Scaperotta fails to identify the year when the incident with ACO Colobong allegedly occurred.  Moreover, although Scaperotta claims that Colobong "began striking [him] in the jaw at least 3 times," the exact nature of these "strikes" is unknown.  It is unclear whether Scaperotta claims that Colobong slapped him with an open hand, punched him with a closed fist, or struck him in some other way.  *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." (internal quotation marks omitted)).  Scaperotta fails to state an excessive force claim.

### G. First Amendment

Scaperotta alleges in Count IV that prison officials violated the Free Exercise Clause of the First Amendment. ECF No. 1 at PageID # 8–9.

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "[A] substantial burden must place more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013) (internal quotation marks and alteration omitted).

"To ensure that courts afford appropriate deference to prison officials, the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *Jones*, 791 F.3d at 1032 (internal quotation marks and citation omitted). "The challenged conduct is valid if it is reasonably related to legitimate penological interests." *Id.* (internal quotation marks and citation omitted).

The factors to be considered in assessing the reasonableness of practices that burden prisoners' constitutional rights are well established: (1)

whether there is a "'valid, rational connection'" between the conduct of prison officials and "the legitimate governmental interest put forward to justify it"; (2) "whether there are 'alternative means of exercising the right that remain open to prison inmates'"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there are "ready alternatives" to the prison's practice. *Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir. 1993) (quoting *Turner v. Safley*, 482 U.S. 78, 89–90 (1987).

Scaperotta's First Amendment claim fails at the starting gate because he does not say which prison officials allegedly burdened the practice of his religion and when they did so. Although Scaperotta says that he "always requested" kosher meals, a Torah, and visits with a rabbi during past periods of incarceration at the KCCC, ECF No. 1 at PageID # 9, he does not say to whom he made these requests or how they responded. Likewise, to the extent Scaperotta claims that prison officials burdened the practice of his religion during his most-recent period of incarceration at the KCCC, *id.*, he fails to link those claims to any particular official. Indeed, Scaperotta acknowledges that he received kosher meals after he complained to prison officials. *Id.* Scaperotta further acknowledges that a chaplain assisted him gain authorization to have a prayer shawl, yarmulke, and Torah. *Id.* Scaperotta fails to state a colorable First Amendment claim.

## IV.  LEAVE TO AMEND

The Complaint is DISMISSED with partial leave granted to amend. Scaperotta may file an amended complaint on or before March 4, 2021, that names a proper defendant and attempts to cure the deficiencies in his claims.  Scaperotta may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint.  Claims that do not properly relate to his original pleading are subject to dismissal.

Scaperotta must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which require an amended complaint to be complete itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).  If Scaperotta fails to timely file an amended complaint that cures the deficiencies in his claims, this

action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[5]

## V. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). This dismissal allows Scaperotta to determine which *related* claims he will pursue in *this* action, which claims he will bring in a new action or actions, and which claims he may forgo with the benefit of the Court's analysis of his claims.

(2) If Scaperotta chooses to amend any of his claims, he must identify the year when the alleged events occurred, in addition to the months and days he has provided.

(3) Scaperotta may file an amended pleading that attempts to cure the deficiencies in his claims on or before March 4, 2021.

---

[5] Section 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

(4)  The Clerk is directed to send Scaperotta a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to amend his complaint.

(5)  If Scaperotta fails to timely amend his pleadings or is unable to cure the deficiencies in his claims this suit may be AUTOMATICALLY DISMISSED without further notice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 2, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Scaperotta v. Kauai Cmty. Corr. Ctr., et al.*, Civ. No. 20-00550 JMS-RT, Order Dismissing Complaint With Leave To Amend